Patrick J. Geile
Foley Freeman PLLC
953 S. Industry Way
P.O. Box 10
Meridian, Idaho 83680
Tel: 208-888-9111
Fax: 208-888-5130
pgeile@foleyfreeman.com
Idaho State Bar No. 6975

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CONNIE GARCIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| NATIONWIDE CAPITAL SERVICES d/b/a | ) |
| STRUCTURED SETTLEMENT, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, CONNIE GARCIA ("Plaintiff"), through her attorney, Foley Freeman PLLC, alleges the following against Defendant, NATIONWIDE CAPITAL SERVICES d/b/a STRUCTURED SETTLEMENT ("Defendant").

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k of the FDCPA.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is an individual who resides in the City of Payette, Payette County, State of Idaho.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency headquartered in the City of Henderson, Clark County, State of Nevada.

11. Defendant is a business entity engaged in debt collection in Idaho.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, collectors, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect a consumer debt from Plaintiff originating with QC Holdings Inc.

17. The alleged debt at issue arises from transactions for personal, family, and household purposes.

18. In or around February 2020, Defendant began placing collection calls to Plaintiff's telephone at xxx-xxx-5038, in an attempt to collect the alleged debt.

19. Defendant calls Plaintiff's telephone from 888-585-2112, which is one of Defendant's telephone numbers.

20. In or around February 2020 at or about 7:30 a.m. MST, Defendant placed a call to Plaintiff in an attempt to collect the alleged debt.

21. In or around February 2020 at or about 7:30 a.m. MST, Plaintiff answered Defendant's call and spoke with one of Defendant's female collectors.

22. During the conversation with Defendant's female collector:
    a. Plaintiff informed Defendant's female collector that it was 7:30 a.m. MST.
    b. Defendant's female collector apologized for calling at this time.

23. Later that same day, Defendant placed another collection call to Plaintiff and Plaintiff spoke with one of Defendant's female collectors.

24. During the second conversation with Defendant's female collector:
    a. Defendant's female collector demanded immediate payment from Plaintiff.
    b. Defendant's female collector demanded Plaintiff make a payment to Defendant in the amount of $200.00.

    c. Relying on Defendant's female collector's false representation that she needed to pay immediately, Plaintiff made a payment to Defendant in the amount of $60.00.

25. Approximately two days later, at or about 7:30 a.m. MST, Defendant placed a call to Plaintiff in an attempt to collect the alleged debt.

26. On or about March 6, 2020, Defendant placed a call to Plaintiff in an attempt to collect the alleged debt.

27. On or about March 6, 2020, Plaintiff answered Defendant's call and spoke with one of Defendant's collectors.

28. During the conversation on or about March 6, 2020:

    a. Defendant's collector threatened to take legal action against Plaintiff.

    b. Plaintiff explained that she went through debt consolidation.

    c. Defendant's collector told Plaintiff that Defendant will not deal with a debt consolidation firm.

    d. Defendant's collector demanded immediate payment from Plaintiff.

    e. Relying on Defendant's empty threats to take legal action against her, Plaintiff made a payment to Defendant in the amount of $50.00.

29. On at least two occasions since Defendant began calling Plaintiff including, but not limited to, in or around February 2020 and March 2020, Plaintiff spoke with one of Defendant's collectors and requested for Defendant to stop calling her.

30. Despite Plaintiff's request for Defendant to stop calling her, Defendant continued to place collection calls to Plaintiff's telephone unabated.

31. Defendant's collectors were working within the scope of their employment when they communicated with Plaintiff.

32. Defendant's collectors are or should be familiar with the FDCPA.

33. Defendant's collectors know or should know that the FDCPA prohibits debt collectors from communicating with a consumer at an unusual time which should be known to be inconvenient to the consumer.

34. To date, Defendant has not taken legal action against Plaintiff.

35. Defendant has never had any intention of filing suit against Plaintiff.

36. To date, Plaintiff has not received notices required by 15 U.S.C. § 1692g.

37. Defendant engaged in the foregoing conduct with the intent to annoy, abuse and/or harass Plaintiff.

38. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owes.

39. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

40. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

41. Defendant violated the FDCPA based on, but not limited to, the following:

    a. Defendant violated § 1692c(a)(1) of the FDCPA by communicating with a debtor at an unusual time which should be known to be inconvenient to the consumer, when Defendant placed collection calls to Plaintiff on Plaintiff's telephone at 7:30 a.m. MST;

    b. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection

with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling her;

c. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling her;

d. Defendant further violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant's collector threatened to take legal action against Plaintiff when Defendant did not intend to take such action against Plaintiff;

e. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Defendant's collectors made illegal and empty threats as alleged above;

f. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Defendant's collector threatened to take legal action against Plaintiff when Defendant did not intend to take such action against Plaintiff;

g. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant's collectors demanded immediate payment from Plaintiff;

h. Defendant violated § 1692g(a) of the FDCPA by failing to send a written notice to

Plaintiff pursuant to § 1692g(a) of the FDCPA;

i. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Defendant demanded immediate payment from Plaintiff; and

j. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, CONNIE GARCIA, respectfully requests judgment be entered against Defendant, NATIONWIDE CAPITAL SERVICES d/b/a STRUCTURED SETTLEMENT, for the following:

42. Actual damages of $110.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

43. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

44. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

45. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

January 22, 2021					By: /s/ Patrick J. Geile_____
								Patrick J. Geile
								Foley Freeman PLLC
								953 S. Industry Way
								P.O. Box 10
								Meridian, Idaho 83680
								Tel: 208-888-9111
								Fax: 208-888-5130
								pgeile@foleyfreeman.com
								Idaho State Bar No. 6975